**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4123**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LATASHA EVETTE GLENN,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:07-cr-00711-HFF-22)

Submitted:  October 16, 2008        Decided:  October 30, 2008

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ernest Hamilton, Greenville, South Carolina, for Appellant.
Elizabeth Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latasha Evette Glenn appeals the district court's judgment entered pursuant to her conviction and 57-month sentence after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2000). Counsel for Glenn filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review whether the district court failed to give adequate consideration to the assistance Glenn provided to the Government. Glenn was notified of the opportunity to file a pro se supplemental brief, but has failed to do so. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure

that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. Mere disagreement with the district court's exercise of sentencing discretion does not permit us to substitute our judgment for that of the lower court. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

While Glenn contends the district court failed to adequately consider her assistance to the Government in determining her sentence, there is no evidence to support this

3

assertion, especially in light of the fact that she received a sentence at the low end of the Guidelines range. The district court heard argument from Glenn and explicitly stated that it had considered the factors set forth in § 3553(a). See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Furthermore, the filing of a motion for downward departure was within the Government's sole discretion, as the Government was not required to move for a reduction under the terms of the plea agreement. Nor is there any evidence in the record that the refusal was based on an unconstitutional motive.[*] See Wade v. United States, 504 U.S. 181, 185-86 (1992). Accordingly, Glenn's claim is meritless.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

---

[*]The Government conceded that Glenn provided helpful information early in the investigation. The Government maintained, however, that Glenn's assistance did not rise to the level of substantial assistance required for filing a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2007).

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED